Ex parte WONG TUEY HING.

(District Court, N. D. California, First Division. April 16, 1914.)

No. 15,485.

1. ALIENS (§ 54*)—DEPORTATION—WARRANT—GROUNDS—HEARING.

A warrant for the deportation of an alien cannot be sustained on a ground concerning which he has been accorded no hearing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. ALIENS (§ 32*)—CHINESE PERSONS—RIGHT TO RE-ENTER.

Chinese Regulations, Rule·3, provides that Chinese aliens shall be examined as to their right of admission under the law governing immigration as well as under the laws relating to the exclusion of Chinese, first, to determine their right to enter as ordinary aliens, and then their status under the Chinese exclusion laws and regulations. Held, that where a Chinese resident of the United States, in preinvestigation proceedings in advance of his departure from the United States on a trip to China, complied with every requirement of the law to establish his status as a Chinese person entitled to depart from and return to the United States, and the immigration officers at that time failed to inquire into his status as an ordinary alien, an examination as to his right to re-enter the United States should be limited to his rights under the Chinese exclusion laws and regulations.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. § 32.*]

3. ALIENS (§ 27*)—CHINESE PERSONS—RIGHT TO RE-ENTER—HEARING.

The Chinese Exclusion Law (Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 479 [U. S. Comp. St. 1901, p. 1317]) provides that any Chinese person found unlawfully in the United States may be arrested on a warrant issued on a complaint filed by any party on behalf of the United States, by any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted on a hearing, shall be removed to the country whence he came, etc. Held, that where a Chinese alien had complied with all the laws and regulations governing his right to depart from the United States and return thereto on a preinvestigation before departing, under the Chinese exclusion laws, he could not be deported after readmission into the United States on the ground that his original entry had been surreptitious in violation of the Immigration Law (Act Cong. Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1911, p. 499]) without a hearing before a justice, judge or commissioner.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 85–87; Dec. Dig. § 27.*]

Application for writ of habeas corpus by Wong Tuey Hing, sometimes known as Gin Nom, a Chinese person,·to obtain his discharge from custody under deportation warrant. Writ granted. Petitioner discharged.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George A. McGowan, of San Francisco, Cal., for petitioner.
John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

DOOLING, District Judge. [1] Petitioner, a Chinese alien, was arrested by virtue of a warrant signed by the acting Secretary of Labor, as a person found in the United States in violation of the Act of Congress of February 20, 1907, c. 1134, 34 Stat. 898 (U. S. Comp. St. Supp. 1911, p. 499), generally known as the Immigration Act, "in that he entered at a time and place other than as designated by the immigration officers thereby entering without inspection." After several hearings before the immigration officers he was by the acting Secretary of Labor ordered deported; the reason for such action being stated in the warrant of deportation as follows:

"That said alien is a member of the excluded classes in that he was a person likely to become a public charge at the time of his entry into the United States; and that he is unlawfully within the United States in that he secured admission by means of false and misleading statements, thereby entering without inspection."

The first reason assigned, "that he was a person likely to become a public charge," etc., must be wholly disregarded, because as to it the petitioner at no time was accorded any hearing whatever; such charge never appearing at any stage of the proceeding until it was incorporated in the warrant of deportation. As to the second reason, "that he is unlawfully within the United States in that he secured admission by means of false and misleading statements, thereby entering without inspection," the facts as claimed by the immigration officers are as follows: That petitioner is an alien, native and subject of China; that his name is Gin Nom, in which name he held a Chinese laborer's certificate of residence duly and properly issued to him at San Luis Obispo on March 17, 1894; that after preinvestigation, as allowed by rule 15 of the regulations governing the admission of Chinese, by the San Francisco office, he departed from San Francisco on December 27, 1910, as a merchant of Santa Rosa, Cal., under the name of Wong Tuey Hing, and returned through the same port on September 12, 1912, and was then admitted by the immigration officers as a returning Chinese merchant by virtue of his preinvestigation certificate; that instead of being a merchant he was in fact a laborer in the Eagle Restaurant at Tucson, Ariz., for several years prior to the time he departed for China, and had been employed as a laborer since his return to the United States, and had never in fact possessed a bona fide mercantile status.

It will thus be seen that his right to remain here as a laborer would be unquestioned were it not for his departure from the country and return thereto as a merchant, but it may be added in passing that upon his arrest in the present proceeding his laborer's certificate was taken from him by the immigration officers and canceled. Petitioner upon his hearing strongly insisted that, when he procured his certificate as a merchant upon his preinvestigation before departing for China, he did actually own an interest in a store at Santa Rosa

[2] I am of the opinion that if petitioner is unlawfully in this country it is not because of his being an alien, but because he is a Chinese alien; that is to say, if he is unlawfully here, it is not because of the provisions of the immigration law, but because of the provisions of the Chinese exclusion laws. If he entered without inspection as the warrant of deportation recites, it was because the immigration officers did not desire to inspect him, not because he prevented them from doing so.

Rule 3 of the regulations governing the admission of Chinese provides as follows:

"Chinese aliens shall be examined as to their right to admission to the United States under the provisions of the law regulating immigration as well as under the laws relating to the exclusion of Chinese. As the immigration act relates to aliens in general, the status of Chinese applying for admission must first be determined in accordance with the terms of that law and of the regulations drawn in pursuance thereof; then, if found admissible under such law and regulations, their status under the Chinese exclusion laws and regulations shall be determined."

It is evident therefore that, if the immigration officers failed to inquire into petitioner's status as an alien as distinguished from his status as a Chinese alien, they did so in violation of this rule, and cannot now hold petitioner responsible therefor. He complied with every requirement of the law to establish his status as a Chinese entitled to depart from and return to this country. If that status is to be inquired into again a year after his re-entry into the country, it should be inquired into under the exclusion laws and not under the immigration act.

[3] The Exclusion Law (Act Sept. 13, 1888, c. 1015, § 13, 25 Stat. 479 (U. S. Comp. St. 1901, p. 1317) provides:

"That any Chinese person, or person of Chinese descent, found unlawfully in .the United States, or its territories, may be arrested upon a warrant issued upon a complaint, under oath, filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court, returnable before any justice, judge, or commissioner of a United States court, or before any United States court, and when convicted, upon a hearing, and found and adjudged to be one not lawfully entitled to be or remain in the United States, such person shall be removed from the United States to the country whence he came. But any such Chinese person convicted before a commissioner of a United States court may, within ten days from such conviction, appeal to the judge of the district court for the district."

Before petitioner may lawfully be deported because of the matters here involved he is entitled to a hearing before a justice, judge, or commissioner, and, as he has not been accorded such hearing, it is ordered that he be discharged.